## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JEFFREY KOHLHAUFF<br>P.O. Box 731<br>O'Fallon, MO 63366 | )<br>)<br>)<br>) | |
| Plaintiff, | )<br>) | Cause No: 3:15-cv-001398 |
| v. | )<br>) | |
| DARBY TRUCKING COMPANY.<br>INC. | )<br>)<br>) | **PLAINTIFF DEMANDS**<br>**TRIAL BY JURY** |
| **Serve: Registered Agent**<br>**Charley Darby**<br>**4740 Pope-Crowder Road**<br>**Enid, MS 38927** | )<br>)<br>)<br>)<br>) | |
| and | )<br>) | |
| MATTHEW E. LEE, | )<br>) | |
| **Serve: Matthew E. Lee**<br>**29006 Highway 32**<br>**Oakland, MS 38948** | )<br>)<br>)<br>) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW Plaintiff, JEFFREY KOHLHAUFF by and through his attorneys, J. Brad Wilmoth and Brown & Crouppen, P.C. and states as follows for his Complaint against Defendants DARBY TRUCKING COMPANY, INC. and MATTHEW E. LEE:

## PRELIMINARY STATEMENT

1. This is an action for the personal injuries which Plaintiff sustained in the January 7, 2014 rear-end collision between a 2014 Peterbilt Motors tractor trailer being driven by Plaintiff and a 2012 International Prostar tractor trailer owned and operated by Darby Trucking Company, Inc. and

driven by Matthew E. Lee in the course and scope of his employment with Darby Trucking Company, Inc.

## JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00.

## VENUE

3. Venue in this action properly lies in the United States District Court for the Southern District of Illinois, pursuant to 28 U.S.C. 1391 (b) because: a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Illinois as the collision at issue occurred in Cumberland County, Illinois and first responders reported to and treated Plaintiff's injuries at the scene of the collision in Cumberland County, Illinois.

## PARTIES

4. Plaintiff Jeffrey Kohlhauff is a citizen of O'Fallon, Missouri and was so at the time of the injuries alleged in this Complaint.

5. At all times relevant to this Complaint, Defendant Darby Trucking was a for-profit corporation incorporated in Mississippi with its principal place of business in Mississippi.

6. At all times relevant to this Complaint, Defendant Lee was an individual citizen of Oakland, Mississippi.

## FACTS COMMON TO ALL COUNTS

7. Defendant Darby Trucking is in the business of owning, operating, maintaining, supervising, and inspecting trucking and transportation equipment on public roads including the

2012 International Prostar with VIN number 3HSDJSJR3CNO455587 (hereafter "tractor trailer") at issue herein.

8. On January 7, 2014 at approximately 7:30 pm, Defendant Lee was acting in the course and scope of his employment with Darby Trucking and driving the tractor trailer at issue Southbound on Interstate 57 in Cumberland County, Illinois.

9. At that time, Plaintiff Jeffrey Kohlhuff was driving a 2014 Peterbilt which was traveling Southbound on Interstate 57 in Cumberland County, Illinois.

10. At that time, at a high rate of speed the tractor trailer driven by Lee in the course and scope of his employment with Darby Trucking rear ended the Plaintiff.

11. The impact caused Plaintiff to continue to the shoulder and come to rest.

## COUNT – I
## NEGLIGENCE OF DEFENDANT LEE

1.-11. Plaintiff restates and re-alleges paragraphs 1 through 11 as if specifically stated herein.

12. On January 7, 2014, at the time of the aforementioned collision, Defendant Lee was negligent in one or more of the following respects:

    a. He was following Plaintiff's tractor trailer too close for conditions in the tractor trailer;

    b. He failed to keep a careful lookout of the tractor trailer to avoid collisions like the collision at issue;

    c. He failed to stop the tractor trailer prior to rear ending Plaintiff's tractor trailer;

    d. He failed to sound the horn on the tractor trailer to warn Plaintiff of the impending collision;

    e. He failed to slow the tractor trailer enough to avoid colliding with Plaintiff's tractor trailer;

    f.    He was traveling too fast for conditions in his tractor trailer;

    g.    He failed to steer the tractor trailer away from Plaintiff's tractor trailer in order to avoid hitting it;

    h.    He failed to maintain the tractor trailer in proper working order so that it could have stopped prior to colliding with Plaintiff's tractor trailer;

    i.    He failed to yield his tractor trailer to the Plaintiff's tractor trailer traveling in front of him;

    j.    He failed to keep the tractor trailer under such control that he could have stopped, swerved, or otherwise avoided the collision with Plaintiff's tractor trailer at the first sign of danger; and

    k.    He was negligent per se in failing to follow provisions of the Federal Motor Carrier Safety Regulations, 49 C.F.R. § 390, *et seq*;

13.    As a direct and proximate result of the negligence of Defendant Lee, Plaintiff Jeffrey Kohlhauff was severely injured including suffering: injury to his spine, neck and shoulders; these injuries caused him to incur medical bills in the past and will cause him to incur medical bills in the future; caused him to endure significant medical treatment in the past including surgeries and will cause him to undergo medical treatment in the future; has caused him significant pain and suffering the past and will cause pain and suffering in the future; has caused significant emotional distress and psychological disorders; has caused him significant disability and disfigurement which is permanent; has caused him to lose wages in the past and will cause him to lose wages in the future; and has caused him to suffer a loss of earning capacity.

    ACCORDINGLY, Plaintiff Jeffrey Kohlhauff requests that a judgment be entered against Defendant Lee, on Count I of this Complaint in a fair and reasonable amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus costs.

## COUNT – II
## NEGLIGENCE OF DEFENDANT DARBY TRUCKING COMPANY, INC.

1.-13.   Plaintiff restates and re-alleges paragraphs 1 through 13 as if specifically stated herein.

14.   On January 7, 2014, at the time of the aforementioned collision, Defendant Darby Trucking, through its duly authorized agents and/or servants was negligent in one or more of the following respects:

- a. It was following Plaintiff's tractor trailer too close for conditions in the tractor trailer;

- b. It failed to keep a careful lookout of the tractor trailer to avoid collisions like the collision at issue;

- c. It failed to stop the tractor trailer prior to rear-ending Plaintiff's tractor trailer;

- d. It failed to sound the horn on the tractor trailer to warn Plaintiff of the impending collision;

- e. It failed to slow the tractor trailer enough to avoid colliding with Plaintiff's tractor trailer;

- f. It was traveling too fast for conditions with the tractor trailer;

- g. It failed to steer the tractor trailer away from Plaintiff's tractor trailer in order to avoid hitting it;

- h. It failed to maintain the tractor trailer in proper working order so that it could have stopped prior to colliding with Plaintiff's tractor trailer;

- i. It failed to yield the tractor trailer to the Plaintiff's tractor trailer traveling in front of it;

- j. It failed to keep the tractor trailer under such control that it could have stopped, swerved, or otherwise avoided the collision with Plaintiff's tractor trailer at the first sign of danger;

- k. It was negligent per se in failing to follow provisions of the Federal Motor Carrier Safety Regulations, 49 C.F.R. § 390, *et seq*;

    l. It failed to properly train its agent in operation of the tractor trailer at issue;

    m. It failed to inspect the tractor trailer at issue before allowing it to be operated on public roads;

    n. It failed to properly supervise its agent in the operation of the tractor trailer at issue; and

    o. It entrusted the tractor trailer to its agent knowing that he was not fit to operate it safely on public roads.

  15. As a direct and proximate result of the negligence of Defendant Darby Trucking, Plaintiff Jeffrey Kohlhauff was severely injured including suffering: injury to his spine, neck and shoulders; these injuries caused him to incur medical bills in the past and will cause him to incur medical bills in the future; caused him to endure significant medical treatment in the past including surgeries and will cause him to undergo medical treatment in the future; has caused him significant pain and suffering the past and will cause pain and suffering in the future; has caused significant emotional distress and psychological disorders; has caused him significant disability and disfigurement which is permanent; has caused him to lose wages in the past and will cause him to lose wages in the future; and has caused him to suffer a loss of earning capacity.

  ACCORDINGLY, Plaintiff Jeffrey Kohlhauff requests that a judgment be entered against Defendant Darby Trucking, on Count II of this Complaint in a fair and reasonable amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus costs.

                    RESPECTFULLY SUBMITTED

                    BROWN & CROUPPEN, P.C.


BY: /s/ J. Brad Wilmoth
     J. Brad Wilmoth, #6285268
     One Metropolitan Square
     211 North Broadway, Suite 1600
     St. Louis, MO 63102
     (314) 421-0216
     (314) 421-0359 (Fax)
     Bradw@getbc.com
     Pipleadings@getbc.com
     Counsel for Plaintiff